SAMUEL SMITH *v.* JOHN NORRIS' HEIRS.

**Executors and Administrators—Administrator de bonis non—Personal Judgment Against.**

Samuel Smith was the administrator of John Norris, deceased, and as such disposed of nearly all of his personal effects. Smith, before making any settlement of his accounts as administrator, died and his son, Samuel V. Smith, was appointed his administrator, and was also appointed administrator de bonis non of John Norris. Suit was brought by the children of John Norris, deceased, against the appellant for a settlement of the estate of John Norris so far as it passed into the hands of his intestate, and also of the estate that appellant took into possession as administrator de bonis non. The court below charged the appellant with all the monies and value of property that passed to his intestate as administrator of Norris and rendered a personal judgment against him for the whole amount.

Held, that as there is no devastavit and no effort ever made so far as the record shows to have a settlement with appellant until this suit was brought, the judgment should have been against the appellant as the administrator of his father to be levied of assets in his hands as such.

APPEAL FROM LARUE CIRCUIT COURT.

January 13, 1872.

Opinion of the Court by Judge Pryor:

Samuel Smith was the administrator of John Norris, deceased, and, as such, disposed of nearly all his personal effects. Smith, before making any settlement of his accounts as administrator, died, and his son, the present appellant, Samuel V. Smith, was appointed his administrator, and was also appointed administrator *de bonis non* of John Norris. The present suit in equity was brought by the children of John Norris, deceased, against the appellant for a settlement of the estate of John Norris so far as it passed into the hands of his intestate, and also of the estate that appellant took into possession, etc., as administrator *de bonis non*. The case was referred to a commissioner who reported an indebtedness on the part of appellant's intestate as administrator of Norris for several hundred dollars. It seems that but very little, if any, property of the estate of Norris passed into the hands of the appellant as administrator *de bonis non*. The court below, however, charges the appellant with all the monies and value of property that passed to his intestate as administrator of Norris, and renders a personal judgment against the appellant for the whole amount. There is no devastavit and no effort ever made so far as this record shows to have a settlement with the appellant until this suit was brought. The judgment should have been against the appellant as the administrator of his father, Samuel Smith, to be levied of assets in his hands as such. Exceptions were filed by both the appellant and the appellees to the commissioner's report and some of these exceptions should have been sustained by the court below. The grandfather of Norris' children, who was appellant's intestate, should not have been allowed anything for the support, clothing, etc., of Norris' children. Other parties were willing to take these children and care for them without reward, but the old man

feeling the natural obligation upon him took them to his own home and with no intention or design of charging them, and the charge made therefor of the appellant should not have been allowed. The negro woman that went with the children to the home of Samuel Smith was employed doubtless in aiding to take care of these children and the value of her hire, either whilst there or when hired to others, should not be charged against Samuel Smith's estate, largely more than the proceeds of the hire was expended by him for the benefit of these children. Nor could Smith's estate be charged with the provisions and other articles that he removed from the home of Norris and failed to sell, as the children, no doubt, got the benefit of them or an equivalent therefor. The claim for rents against Norris' estate was properly reported. The court very properly refused to dismiss the petition for want of a demand and affidavit. For the reasons herein indicated the judgment is reversed and cause remanded for further proceedings not inconsistent with this opinion.

*Read & Twyman, for appellant.*

*Gore, for appellee.*